UNITED STATES, Appellee,

v.

Robert L. HOLT, Sergeant, U.S. Army, Appellant.

No. 55,350.

CM 447260.

U.S. Court of Military Appeals.

Sept. 29, 1988.

For Appellant: *Captain Keith W. Sickendick* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Paul J. Luedtke, Major Eric T. Franzen, Captain Annamary Sullivan* (on brief); *Lieutenant Colonel Charles A. Zimmerman* and *Captain Bernard P. Ingold.*

For Appellee: *Captain Jody M. Prescott* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Carlton L. Jackson, Captain Kathy J.M. Peluso* (on brief); *Lieutenant Colonel Larry D. Williams.*

*Opinion of the Court*

EVERETT, Chief Judge:

Before a military judge sitting alone as a general court-martial, Sergeant Holt pleaded guilty to one specification each of provoking speech and wrongful distribution of methamphetamine, in violations of Articles 117 and 112a, Uniform Code of Military Justice, 10 USC §§ 917 and 912a, respectively. The judge sentenced him to confinement for 5 months, total forfeitures, reduction to the lowest enlisted grade, and a bad-conduct discharge. The sentence was less severe than that provided for in appellant's pretrial agreement and was approved by the convening authority without

change. The Court of Military Review affirmed. 22 M.J. 553 (1986).

We granted appellant's petition for review to consider whether it was error to consider, on sentencing, matters elicited during the providence inquiry.[1] We find no error prejudicial to Holt's substantial rights.

## I

During the providence inquiry, Sergeant Holt was placed under oath and described the drug transaction for the military judge. In this version of the events he stated that he had been asked to procure drugs by a fellow soldier, who was a registered source for the Criminal Investigation Command (CID). He told the putative purchaser that he would have to locate his roommate, Sergeant Hill,[2] and then went to the barracks room of Specialist King, where he knew Hill to be.

Holt told the military judge that he found both Hill and King intoxicated. He was unable to arouse Hill, but King awoke and informed him that the drugs could be found in the room of a Specialist Fikes. He went to Fikes' room where he obtained some amphetamines and sold them to the informant and an undercover agent of the CID.

To mitigate his offenses, Sergeant Holt called Special Agent Gilbert of the CID who testified as to his cooperation in the investigation. During cross-examination, Gilbert related that Holt had provided a sworn statement in which he told Gilbert that it was Hill who had provided the location of the drugs. This piece of apparently contradictory information was highlighted by trial counsel in his argument on sentence, implying that appellant was being dishonest with either the CID or the court-martial. There was no objection to the argument and no indication from the military judge as to whether he considered the matter in arriving at a sentence.

As he did before the Court of Military Review, Sergeant Holt now argues that the use of material from the providence inquiry violated his privilege against self-incrimination as guaranteed by the Constitution and the Code.[3]

## II

■ Until 1984, military practice precluded placing an accused under oath during inquiry into the providence of his guilty pleas. The rationale of this practice was that an oath might "have a dampening effect" on the colloquy between an accused and the military judge which is necessary in establishing the basis for a plea of guilty. *United States v. Simpson,* 17 U.S. C.M.A. 44, 46, 37 C.M.R. 308, 310 (1967). In military practice—unlike the rule in many courts, *see North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)—a plea of guilty cannot be received unless it has a factual basis. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Thus, it is especially important that the accused speak freely so that a factual basis will be clearly established in the record.

In *Simpson,* we concluded that to take sworn testimony from an accused during a providence inquiry was inconsistent with the free flow of information between him and the law officer and so was "contrary to the spirit of the inquiry." 17 U.S.C.M.A. at 46, 37 C.M.R. at 310. Likewise, references to such information in the argument on sentence were held to be improper. *United States v. Richardson,* 6 M.J. 654, 655 (N.C.M.R.1978), *pet. denied,* 6 M.J. 280 (C.M.A.1979).

As of August 1, 1984, the military practice that then existed was changed by the Manual for Courts–Martial, United States,

---

1. Appellant's statement of the issue is considerably more elaborate and pleads argument not required to state an error. For a full statement of the assigned issue, see 23 M.J. 358.

2. Sergeant Hill was also prosecuted. We denied his petition for grant of review prior to receiving appellant's petition. 21 M.J. 32 (1985).

3. *See* U.S. Const. amend. V and Art. 31, Uniform Code of Military Justice, 10 U.S.C. § 831.

1984, to require that an accused who proffers a plea of guilty respond under oath to the inquiry of the military judge. R.C.M. 910(e), Manual, *supra,* the rule mandating the oath, also provides for prosecution of an accused who makes a false statement during the providence hearing. R.C.M. 910(c)(5).

The Drafters' Analysis of R.C.M. 910(e) states that the change in practice was "designed to insure compliance with Article 45 and to reduce the likelihood of later attacks on the providence of the plea." Manual, *supra* at A21–53. According to the Court of Military Review in *United States v. Daniels,* 20 M.J. 648, 650 (N.M.C.M.R. 1985), *pet. denied,* 24 M.J. 455 (1987):

> The mandatory oath is indicative of the drafters' conscious determination that, while the Court in *Simpson, supra,* had determined that an oath's negative effect on an accused's willingness to speak freely outweighed any salutary reduction of post-conviction attacks on guilty pleas, the balance now has swung the other way.

Moreover, administration of the oath to the accused makes clear to him that the providence inquiry is a serious matter and that the consequences may be severe if he testifies falsely.

When the requirement for sworn testimony at a providence hearing was challenged by an accused as a violation of military due process, we disagreed. *See United States v. Fletcher,* 21 M.J. 162 (C.M.A.1985). The result we reached was consistent with the practice in Federal criminal trials: The Federal Rules of Criminal Procedure permit a district judge to require the defendant to give sworn testimony during the hearing as to the providence of his guilty plea and provide that, if questioned under oath, the defendant may be prosecuted for false answers. *See* Fed. R.Crim.P. 11, and Notes of Advisory Committee to 1974 Amendment, subdivision (f). Indeed, at least one Court of Appeals has made the oath mandatory. *Bryan v. United States,* 492 F.2d 775 (5th Cir.), *cert.*

*denied,* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974).

An accused who testifies during a providence inquiry is warned that he waives his privilege against self-incrimination and is made aware that the answers he gives will be used by the military judge in determining whether to receive the guilty pleas and enter findings of guilty based thereon. Thus, the accused is on notice that his answers may be used adversely to him, and we doubt that he would make a distinction in his own mind between adverse use for findings and adverse use for sentencing. Accordingly, the use of the sworn testimony in connection with sentencing is not contrary to any reasonable expectation on his part.

Furthermore, if the sworn testimony during the providence inquiry is sufficiently reliable to support findings of guilt, it would seem reliable enough to be considered in connection with sentencing. Moreover, as Judge Kennett observed in his opinion in the court below, there is little probability that use of such testimony or information derived therefrom in connection with sentencing will inhibit an accused's willingness to relate the circumstances surrounding the offenses with which he is charged. 22 M.J. at 555–56. Thus, the prospect of such use should not deter the free flow of information during the providence inquiry—which was adverted to in *Simpson* and which is important in establishing a factual basis for the guilty pleas.

We have held that waiver of the privilege against self-incrimination which is involved in a plea of guilty is not unlimited and that, without his consent, an accused could not be questioned during the sentencing proceedings concerning a prior nonjudicial punishment. *United States v. Sauer,* 15 M.J. 113 (C.M.A.1983). Moreover, there are situations in which testimony that has been given by the accused as to one matter—such as his standing on the voluntariness of his confession—cannot be used to establish his guilt. *Cf. United States v. Salvucci,* 448 U.S. 83, 89, 100 S.Ct. 2547, 65

L.Ed.2d 619, 626 (1980); *Simmons v. United States,* 390 U.S. 377, 393, 88 S.Ct. 967, 975, 19 L.Ed.2d 1247, 1258 (1968). However, it is quite different to allow testimony given in connection with the providence inquiry and the entry of guilty pleas to be considered by the military judge and commented on by counsel in connection with sentencing. *See United States v. Rice,* 25 M.J. 35, 37–88 (C.M.A.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988).

During the sentencing proceedings, "trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." R.C.M. 1001(b)(4). Unless the military judge has ranged far afield during the providence inquiry, the accused's sworn testimony will provide evidence "directly relating to" the offenses to which he has pleaded guilty. Therefore, we believe that, if offered by the Government, this testimony should be admissible as an admission by the accused to aggravating circumstances. We perceive no reason why it is necessary to have a transcript prepared of the sworn testimony that the military judge had heard during the sentencing proceedings in order for this evidence to be considered by the judge in sentencing or to be mentioned by trial counsel in an argument on sentence.

■■■■ Sometimes during the providence inquiry the questions of a military judge will lead into uncharged misconduct. Indeed, if the possibility of an entrapment defense is suggested, the judge may need to examine uncharged misconduct in order to determine whether the accused was entrapped. If, however, the uncharged conduct is not closely connected to the offense to which the accused has pleaded guilty—even if that uncharged misconduct might be admissible in a contested case under Mil.R.Evid. 404(b), Manual, *supra*—we see no reason why the military judge would need to ask about it or hear testimony thereon during the providence inquiry. Moreover, since the inquiry into uncharged misconduct would not seem reasonably foreseeable as part of the process of establishing the factual basis for guilty pleas, the waiver of Article 31, UCMJ, 10 USC § 831, rights and the privilege against self-incrimination involved in entering pleas of guilty would not extend to this uncharged misconduct. Accordingly, that testimony, upon proper defense objection, should not be received or, if it has been received, should be stricken upon motion. Moreover, it should not be considered in sentencing. *Cf. Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981); *Jones v. Cardwell,* 686 F.2d 754 (9th Cir.1982).[4]

Appellant contends that the practice followed in this case will have a "chilling effect" on an accused's choice of forum. In this connection, he suggests that, if in sentencing a military judge may consider aggravating circumstances revealed during a providence hearing by the accused's sworn testimony, an accused will be inclined to elect a trial by court members, who will not have heard this testimony. A short answer is that an accused is not entitled to a bench trial in the first place. *United States v. Butler,* 14 M.J. 72 (C.M.A. 1982); *see also United States v. Sherrod,* 26 M.J. 30 (C.M.A.1988). Secondly, we disagree with appellant's premise that the sworn testimony given by the accused during the providence inquiry cannot be brought to the attention of the court mem-

---

4. In some instances, information obtained in violation of certain constitutional rights has been held admissible for sentencing purposes. *See, e.g., United States v. Larios,* 640 F.2d 938 (9th Cir.1981); *United States v. Ashley,* 555 F.2d 462 (5th Cir.), *cert. denied,* 434 U.S. 869, 98 S.Ct. 210, 54 L.Ed.2d 147 (1977). Occasionally, even statements given without advice as to the accused's rights required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), have been considered in sentencing. *Baumann v. United States,* 692 F.2d 565 (9th Cir.1982); *State v. Knapp,* 111 Wis.2d 380, 330 N.W.2d 242 (Wis.App.1983); *State v. Cawley,* 133 Ariz. 27, 648 P.2d 142 (Ariz.App.1982); *but see United States v. Chitty,* 760 F.2d 425 (2d Cir.1985), *cert. denied,* 474 U.S. 945, 106 S.Ct. 310, 88 L.Ed.2d 287 (1985). As we interpret Article 31(d), such use of improperly obtained statements is not permitted for sentencing purposes in a court-martial.

bers. To the contrary, we believe that such testimony can be received as an admission by the accused and can be provided either by a properly authenticated transcript or by the testimony of a court reporter or other persons who heard what the accused said during the providence hearing. Finally, we believe that in many instances an accused would rely on the military judge's ability to disregard sworn testimony that he had heard during the providence inquiry if it were brought to his attention that the testimony did not constitute evidence which should properly be considered for sentencing purposes. *Cf. United States v. Mora,* 26 M.J. 122 (C.M.A. 1988).

■ We note that at trial there were no objections to the prosecutor's comments about Sergeant Holt's supposed falsehoods. Moreover, there is no indication of the weight, if any, the military judge attached to the matter; and indeed he adjudged a lenient sentence—which was considerably less than what Holt had bargained for in his pretrial agreement. Accordingly, we are convinced that, even if some error occurred by reason of trial counsel's argument on sentence, to which no objection was made, there was no "unfair prejudicial impact on the" military judge's sentencing "deliberations," and "plain error" is absent. *United States v. Young,* 470 U.S. 1, 14–17 and n. 14, 105 S.Ct. 1038, 1047 and n. 14, 84 L.Ed.2d 1 (1985); *United States v. Fisher,* 21 M.J. 327, 328 (C.M.A.1986); *cf. United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *see also United States v. Montgomery,* 20 U.S.C.M.A. 35, 39, 42 C.M.R. 227, 231 (1970).

### III

The decision of the United States Army Court of Military Review is affirmed.

Judges COX and SULLIVAN concur.