UNITED STATES

v.

Allen A. DUKES, 267 79 6214,
Radioman Seaman Recruit
(E-1), U.S. Navy.

NMCM 89 4368.

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 18 Oct. 1989.

Decided 9 March 1990.

LT Jacob R. Walker, JAGC, USNR, Appellate Defense Counsel.

LCDR David T. Patterson, JAGC, USNR–R, Appellate Defense Counsel.

CDR P.J. McLaughlin, JAGC, USN, Appellate Government Counsel.

Before BYRNE, C.J., and FREYER and STRICKLAND, JJ.

FREYER, Judge:

The appellant was found guilty, in accordance with his pleas, of absence without leave from the USS RANGER from 21 November 1988 to 27 March 1989 and absence without leave (as a lesser included offense of desertion) from the Naval Air Station, Jacksonville, Florida, from 23 May 1989 until apprehended on 23 August 1989. He was sentenced by the military judge to confinement for four months, forfeiture of $466.00 per month for four months, and a bad-conduct discharge. The convening au-

thority approved the sentence but suspended confinement in excess of ninety days in accordance with a pretrial agreement.

During the providency inquiry (for which the appellant obviously had not been very well prepared) relative to the first absence without leave the following occurred:

MJ: All right, and the 21st of November 1988, was that a workday for you?

ACCUSED: No, it wasn't, Your Honor.

MJ: Was it a duty day?

ACCUSED: It was not a duty day.

MJ: Then why do you think you had a duty to be aboard the ship on that day?

ACCUSED: Why do I think I had a duty?

MJ: Yes? [Sic.] As I read the calendar, the 21st of November 1988 was a Monday.

ACCUSED: It was after working hours, Your Honor, but I was supposed to be onboard.

MJ: You were supposed to be onboard the ship after working hours?

ACCUSED: Yes, Your Honor.

MJ: Because you had not been granted liberty?

ACCUSED: I—I was on liberty, Your Honor, at the time, but I had to be granted liberty to go off the ship.

MJ: And you had not been granted liberty?

ACCUSED: No, sir, I wasn't [sic].

■ In our view, the appellant's ambiguous responses regarding his liberty status warranted further inquiry. In *United States v. Hale*, 20 U.S.C.M.A. 150, 42 C.M.R. 342 (1970), the Court of Military Appeals set forth the rule that mere failure to follow local check-out procedures by one granted leave, although it may support a charge of failure to obey a lawful order, does not result in absence without leave. Similarly, one who is in a liberty status subject to certain geographical limitations and exceeds them is not absent without leave, *United States v. Edwards*, 18 C.M.R. 830 (A.F.B.R.1955); *United States v. Bobick*, No. 74 2670 (N.C.M.R. 31 December 1974). If the USS RANGER had some kind of liberty card system to which

the appellant was referring, these principles might apply.

In this case, the appellant stated both that he was "on liberty," and that he "had to be granted liberty to go off the ship." We do not, of course, suggest that individuals may simply deem themselves on liberty and disappear when they have finished working, if local regulations prescribe certain formalities *as a precondition of entering into a liberty status*. Because the appellant's responses were ambiguous, however, we are unable to determine, without further clarification of the liberty regulations in USS RANGER, whether this appellant, when he left the ship, had failed to fulfill a precondition of entering into a liberty status and, therefore, was absent without leave, or whether he was on authorized liberty but had merely failed to comply with a local procedural regulation or area limitation, as in *Hale* or *Edwards/Bobick*. We note that the appellant ostensibly was not on restriction and, because the ship was located in the United States, presumably was not a "liberty risk."

■ It is clear from the providency inquiry that the following day, Tuesday, the 22nd of November, 1988, was a working day, by which time the appellant's liberty would have expired. Consequently, we cure any possible defect by changing the inception date in the pertinent finding of guilty to 22, vice 21, November 1988, and reassessing the sentence.

■ One other matter in the record deserves comment. During the providency inquiry, the appellant, in discussing the manner in which the absence alleged in the Specification of the Additional Charge was terminated, mentioned that his mother had called the police to their home to apprehend him. This information was used by the trial counsel to make a point in his argument on sentence, even though this information was not in evidence. We take this occasion to emphasize that *United States v. Holt*, 27 M.J. 57 (C.M.A.1988), permits the trial counsel to offer an accused's responses during the providency inquiry into evidence, but that such responses are not automatically in evidence, even in a trial by

military judge alone, for an accused must be given not only notice of what matters are being considered against him but also an opportunity to object to admission of all or part of the providency inquiry on grounds of improper aggravation, undue prejudice, or whatever. A careful reading of *Holt* in this regard is required. Nevertheless, the defense did not object to the trial counsel's sentencing argument, and we do not consider it to rise to the level of plain error; as a result, any error in arguing matters not in evidence was waived.

The findings of guilty, as modified above, and, upon reassessment, the sentence as approved on review below, are affirmed.

Chief Judge BYRNE and Judge STRICKLAND concur.