UNITED STATES, Appellee,

v.

First Lieutenant Nicola I. RILEY,
099–64–3665, United States
Army, Appellant.

ACMR 9101525.

U.S. Army Court of Military Review.

30 June 1992.

For Appellant: Captain Emmett G. Wells, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before De GIULIO, HAESSIG, and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to her pleas she was found guilty of five specifications of conduct unbecoming an officer, in violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933 (1982) [hereinafter UCMJ]. She was sentenced to a dismissal, confinement for 30 months, and total forfeitures. The sentence was within the limitations of a pretrial agreement, and the convening authority approved it.

Appellant now alleges that the failure of the military judge to place appellant under oath renders her plea improvident. Although we find error, we find it did not prejudice appellant and affirm.

Appellant, a United States Military Academy graduate, entered into a scheme with two enlisted women of her unit in which they would apply for instant credit at local jewelry stores using the names of departed unit members and obtain jewelry without paying for it. As a consequence of these criminal acts, the service members were billed for the jewelry. At her court-martial, appellant pled guilty as noted in this opinion. The military judge conducted a proper providence inquiry, except that he failed to place appellant under oath when questioning her about the offenses. This failure is the subject of appellant's assertion of error.

Prior to 1984, providence inquiries were conducted without placing an accused under oath. *See United States v. Holt,* 27 M.J. 57, 58 (C.M.A.1988). In 1984, a provision was adopted to require that an accused be placed under oath during the inquiry.[1] The purpose of the change was to ensure compliance with Article 45, UCMJ, 10 U.S.C. § 845, and reduce the likelihood of later attacks on the providence of the plea. R.C.M. 910(e) analysis, MCM, 1984, app. 21, at A21–53. This procedure is con-

---

**1.** Manual for Courts–Martial, United States, 1984 [hereinafter MCM, 1984], Rule for Courts–Martial 910(e) [hereinafter R.C.M. provides, *"Determining the accuracy of plea.* The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea. The accused shall be questioned under oath about the offenses."

sistent with Federal Rule of Criminal Procedure 11. *Id.* Federal practice allows but does not require that the accused be sworn. *See Holt,* 27 M.J. at 59. The change to the rule was not designed to benefit an accused, but to subject an accused to the possibility of a perjury prosecution for false testimony rendered in the providence inquiry.

This Court agrees with appellant that it was error not to question appellant under oath. Considering the basis for the oath requirement, however, we find no prejudice to appellant. The failure merely precludes subsequent prosecution of appellant for any false statement made during the inquiry. Material prejudice to the substantial rights of an accused must be found before a finding or sentence may be held incorrect for as error of law. UCMJ art. 59(a), 10 U.S.C. § 859(a). We find no such prejudice.

The assertion of error personally asserted by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), is without merit.

The findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge ARKOW concur.