**UNITED STATES, Appellee,**

v.

**Specialist Terance B. WATKINS, 260–47–1650, United States Army, Appellant.**

**ACMR 9102465.**

U.S. Army Court of Military Review.

15 Jan. 1993.

---

For Appellant: Major James M. Heaton, JAGC, Captain Michael E. Smith, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officer members. Contrary to his pleas, he was found guilty of two specifications of aggravated assault and one specification of assault with intent to commit murder, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1982). He was sentenced to a bad-conduct discharge, confinement for thirty months, forfeiture of one-half pay per month for thirty months, and reduction to Private E1. The convening authority changed the forfeiture to forfeiture of $376.00 pay per month for thirty months but otherwise approved the sentence.

Appellant asserts, *inter alia*, that the military judge erred to appellant's substantial prejudice by refusing to allow a witness to testify concerning the violent nature of the victim. We disagree and affirm.

In this case, appellant asserted self-defense as justification for his acts. As part of his defense, he pointed to the violent nature of the victim. *See United States v. Iturralde–Aponte*, 1 M.J. 196 (C.M.A.1975) (victim's violent nature was relevant to theory of self-defense). The victim's violent nature was established by the government witnesses and was not disputed. Appellant attempted to present the victim's girlfriend as a witness to establish the victim's violent nature. The military judge ruled,

> I'm not going to allow the testimony under [Military Rule of Evidence] 403. I think it's cumulative, a waste of the court's time at this point. There is plenty of evidence in that [the victim] is a violent person and that the accused knew because the accused was there watching him be violent. So I'm not going to allow the testimony.

■ "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of ... needless presentation of cumulative evidence." Manual for Courts–Martial, United States, 1984, Mil.R.Evid. 403; *see also United States v. Crosby*, 713 F.2d 1066 (5th Cir.1983) (no error in excluding writings where information was provided by testimony). The trial judge is given enormous leeway under Military Rule of Evidence 403 in determining the admissibility of evidence even though it satisfies other rules. Saltzburg, Schinasi, and Schlueter, *Military Rules of Evidence Manual* 434 (3d ed. 1991).

■ In the case before us, we agree with the military judge that the evidence was cumulative with evidence already before the court, even though that evidence had been presented by the prosecution. We hold that the military judge did not abuse his discretion in refusing to permit the testimony.

The remaining assertions of error are also without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.