UNITED STATES

v.

**Rickey S. ENGLISH, 422–13–5304 Radioman Third Class (E–4), U.S. Navy.**

**NMCM 92 2528.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 9 Sept. 1992.

Decided 19 Aug. 1993.

LT Franklin J. Foil, JAGC, USNR, Appellate Defense Counsel.

Capt Laulie S. Powell, USMC, Appellate Government Counsel.

Before LARSON, STRICKLAND and ORR, JJ.

ORR, Senior Judge:

Consistent with his pleas pursuant to a pretrial agreement, the appellant was convicted of an attempt to steal and eight separate thefts involving the taking of a charge card, four checks, and a total of $1812.20 in violation, respectively, of Articles 80 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 921. He also pled guilty to four separate incidents alleging forgery of the four stolen checks under Article 123, UCMJ, 10 U.S.C. § 923, but the military judge dismissed those offenses based on multiplicity grounds with the four larcenies involving the theft of

money. The judge, sitting alone, sentenced the appellant to a confinement for 8 months, forfeiture of $250.00 pay per month for 8 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged since the sentence did not exceed the limits of the pretrial agreement.

Before this Court, the appellant assigns four errors [1] in the conduct of his trial, and the Government concedes the first two errors. The remaining two are without merit. *United States v. Graf*, 35 M.J. 450 (C.M.A.1992); *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).

## I.

■ Addressing the second assigned error first, "[t]o constitute an attempt there must be a specific intent to commit the offense accompanied by an overt act which directly tends to accomplish the unlawful purpose." Manual for Courts–Martial, United States, 1984 (M.C.M.), Part IV, ¶ 4c(1). The particular offense charged in this case was attempting "to steal money ... from an Automatic Teller Machine using ... [another's] credit card...." The act the appellant admitted to in support of his guilty plea to this offense was calling the toll-free number on the back of the card for reporting lost or stolen credit cards and, in the course of the ensuing conversation, trying (unsuccessfully) to obtain the cardholder's personal identification number.

We agree with the appellant and the Government that, whether successful or unsuccessful, such an act is only preparation for using the card to obtain money,

goods, or services. While there may be something unlawful about attempting to obtain such private information (an offense which is not before this Court), it does not constitute an attempt to steal what the card may be used to obtain. It is not an overt act that "goes beyond preparatory steps and is a direct movement toward the commission of." stealing money at an automatic teller machine. MCM, Part IV, ¶ 4c(2). Although "it is not clearcut on which side of the preparation/substantive-step line a given case may fall," *United States v. Schoof*, 37 M.J. 96, 103 (C.M.A. 1993), we conclude that the act described by the appellant in this case is a very good example of "devising or arranging the means or measures necessary for the commission of the offense," which defines mere preparation. MCM, Part IV, ¶ 4c(2). *See also United States v. Byrd*, 24 M.J. 286 (C.M.A.1987); *United States v. Presto*, 24 M.J. 350 (C.M.A.1987); *United States v. Facemier*, 27 C.M.R. 915, 1958 WL 3582 (C.G.B.R.1958); *United States v. Weise*, 23 C.M.R. 857, 861–62, 1957 WL 4600 (A.F.B.R.1957); *United States v. Coppitt*, 17 C.M.R. 672, 1954 WL 2686 (A.F.B.R. 1954).

Consequently, we find that the appellant's guilty plea to the attempt to steal offense was improvident and should not have been accepted.

## II.

Turning to the first assigned error, the Government concedes that the military judge erred when he stated during the presentencing portion of the hearing that he would consider the appellant's statements during the providence inquiry. We agree

---

1. I. THE MILITARY JUDGE ERRED, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, WHEN HE FAILED TO WARN HIM, PRIOR TO COMMENCING THE PROVIDENCE INQUIRY, THAT HIS STATEMENTS COULD BE USED AGAINST HIM IN AGGRAVATION DURING THE PRESENTENCING PHASE OF THE TRIAL. (FOOTNOTE OMITTED.)

II. APPELLANT'S PLEA TO CHARGE I WAS IMPROVIDENT, SINCE APPELLANT'S ATTEMPT TO OBTAIN THE PERSONAL IDENTIFICATION NUMBER FOR THE ATM CARD

DID NOT CONSTITUTE AN ACT AMOUNT TO MORE THAN MERE PREPARATION FOR LARCENY. (CITATIONS OMITTED.)

III. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

IV. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

with that characterization of the error. We do not agree with the appellant's articulation that would impose any requirement on the military judge to advise an accused prior to conducting a providence inquiry that the accused's statements could be used against him during the sentencing phase of the trial. The Court of Military Appeals has commented on that issue by stating:

> An accused who testifies during a providence inquiry is warned that he waives his privilege against self-incrimination and is made aware that the answers he gives will be used by the military judge in determining whether to receive the guilty pleas and enter findings of guilty based thereon. Thus, the accused is on notice that his answers may be used adversely to him, and we doubt that he would make a distinction in his own mind between adverse use for findings and adverse use for sentencing. Accordingly, the use of the sworn testimony in connection with sentencing is not contrary to any reasonable expectation on his part.

*United States v. Holt*, 27 M.J. 57, 59 (C.M.A.1988).

■ As we have stated previously, the Court of Military Appeals' decision in *Holt* permits the trial counsel to offer an accused's responses during the providency inquiry into evidence, but ... such responses are not automatically in evidence, even in a trial by military judge alone, for an accused must be given not only notice of what matters are being considered against him but also an opportunity to object to admission of all or part of the providency (sic) inquiry on grounds of improper aggravation, undue prejudice, or whatever.

*United States v. Dukes*, 30 M.J. 793, 794–95 (N.M.C.M.R.1990). Contrary to this conclusion and following the defense counsel's objection to the trial counsel's reference in her argument on the sentence to facts revealed by the appellant during the providence inquiry, the military judge stated his view that "for the record the military judge is presumed to consider matters in providency (sic), so I will note what the accused told me ... [w]hether the counsel has requested it or not...." Record at 63. The judge's error was in considering those statements without them being offered and without giving the defense the opportunity to object to his consideration of any part or all of the providence inquiry, not in any failure to advise the appellant before the providence inquiry that he intended to do so.

■ Having concluded that the military judge erred, the question arises whether the appellant suffered any prejudice as a result of the error since the judge clearly could have considered the statements if they had been offered. Although the appellant states he has suffered "substantial prejudice" in his assignment of this error, he has not identified what that prejudice is or what otherwise improper matter the judge may have considered in aggravation.

Other than the fact that on three different occasions the appellant obtained the credit card and checks he stole from three officers by finding their wallets or checkbooks in their staterooms, the military judge knew from the charge sheet that the appellant had stolen those items while aboard a ship. He also knew from the testimony of the one enlisted victim during aggravation that the appellant had access to those staterooms as part of his duties as a radioman aboard ship. Record at 49.

The judge also knew from the charge sheet that the remaining theft of checks occurred aboard ship, and he knew from the enlisted victim's testimony that the appellant was that victim's supervisor. Record at 47. He would not have known, however, that the appellant used a saw to cut open that victim's berthing compartment locker to get those remaining checks.

The charge sheet and the appellant's pleas also revealed both that the appellant forged each of the four checks he stole and the amount of each forgery because four of the larcenies involved the corresponding amount of each forgery. Although those four forgery specifications were dismissed for being multiplicious for findings with

the four larcenies, the appellant disclosed that he used the checks to pay his rent and other bills in his sworn statement in extenuation and mitigation. Record at 59–60.

In addition, the sentence adjudged was substantially below both the maximum authorized of a dishonorable discharge, forfeiture of all pay and allowances, reduction to the lowest pay grade, and confinement for 22 years and the maximum the convening authority agreed to approve or would otherwise suspend. As to the latter maximum, the pretrial agreement required the convening authority to suspend all confinement in excess of 24 months if a punitive discharge was awarded and to disapprove any dishonorable discharge and approve only a bad-conduct discharge. All other punishments could be approved as adjudged. Appellate Exhibit II. Consequently, we conclude that, under the particular circumstances of this case, the military judge's decision to consider the appellant's statements in the providence inquiry *sua sponte* was harmless.

### III.

Accordingly, the findings of guilty of Charge I and its Specification are set aside and that charge and specification are dismissed. The remaining findings of guilty are affirmed. Applying the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990), we have reassessed the sentence and affirm the sentence approved on review below.

Chief Judge LARSON and Senior Judge STRICKLAND concur.