UNITED STATES, Appellee

v.

Michael T. IRWIN, Jr., Corporal
U.S. Army, Appellant.

No. 94–1141.
CMR No. 9201313.

U.S. Court of Appeals for
the Armed Forces.

Argued April 3, 1995.

Decided Sept. 22, 1995.

For Appellant: *Captain Walter S. Weedman* (argued); *Colonel Stephen D. Smith* (on brief); *Lieutenant Colonel John T. Rucker* and *Major Roy H. Hewitt.*

For Appellee: *Captain Jinny Chun* (argued); *Colonel John M. Smith, Major Lyle D. Jentzer, Captain John W. O'Brien* (on brief).

---

*Opinion of the Court*

COX, Judge:

1. A general court-martial consisting of officer members convicted appellant, pursuant to his pleas, of absence without leave (1 day), willful disobedience of a superior commissioned officer (3 specifications), rape, forcible sodomy (2 specifications), committing indecent acts, wrongfully communicating a threat (2 specifications), kidnapping, and unlawful entry, in violation of Articles 86, 90, 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 886, 890, 920, 925, and 934, respectively. The members sentenced appellant to a dishonorable discharge, confinement for 30 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and on May 10, 1994, the Court of Military Review [1] affirmed the findings and the sentence. 39 MJ 1062.

2. This Court, on November 30, 1994, granted review of the following issues:

I

WHETHER THE MILITARY JUDGE, OVER DEFENSE OBJECTION, ERRED BY ALLOWING THE PROSECUTION TO PLAY A TAPE RECORDING OF APPELLANT'S GUILTY PLEA INQUIRY IN A PRESENTENCING HEARING BEFORE MEMBERS.

1. *See* 41 MJ 213, 229 n. * (1994).

II

WHETHER THE MILITARY JUDGE ERRED BY PERMITTING THE MEMBERS ACCESS DURING PRESENTENCING TO MATTERS OF WHICH THE ACCUSED WAS FOUND NOT GUILTY.

We resolve both issues against appellant.

3. The facts pertinent to resolving the issues were found by the court below as follows:

The appellant entered his guilty pleas without the benefit of a pretrial agreement.[3] The military judge advised the appellant of the meaning and effect of his guilty pleas and the waiver of his rights under the Fifth and Sixth Amendments. The appellant also was told that he would be placed under oath and questioned by the military judge "to determine whether or not you are, in fact, guilty." ... The military judge did not advise the appellant that any statements he made during the providence inquiry could be used against him later in the sentencing portion of his court-martial.[5] There was no stipulation of fact for the military judge to use during the providence inquiry or for the court members to use for sentencing purposes.

In the providence inquiry, the appellant described in detail the how, when, why, and where he committed each of the offenses. His recitation of the facts not only provided the factual basis required by *United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969), and Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(e) [hereinafter RCM], but it also included details of the circumstances surrounding the offenses.[6] The military judge entered his findings, then recessed the court. The court reconvened the following morning.

Prior to the reconvening of the court, the trial counsel gave notice to the judge and the defense counsel that the government intended "to use the recitation of the facts on that tape by the accused and play

that back to the panel members.[7] It will not be provided to take but they will be given the opportunity to hear, in aggravation, the recitation of facts by the accused."
... The trial counsel argued that the appellant's statement was, in effect, a judicial confession; that the court members should have the facts surrounding the offenses in order to adjudge a proper sentence; and that playing the tape would be in accordance with *United States v. Holt,* 27 MJ 57 (CMA 1988).

The trial defense counsel objected on the grounds that the tape recording had not been authenticated; that the matters stated during the providence inquiry did not constitute proper aggravation evidence; that no notice was given to the defense before trial that the trial counsel intended to play the tape recording of the providence inquiry to the court members; that the tape would be cumulative because the victim was going to testify; that the use of a recording was unprecedented; that the recording contained uncharged misconduct; and that the recording had no probative value. The defense counsel subsequently withdrew its objection based on the authenticity of the tape recording after listening to the tape during a recess. The military judge's rulings on the other six objections were adverse to the appellant.

The government began its case in aggravation with the tape recording. That portion of the providence inquiry that began after the military judge said, "why don't you just tell me what ... occurred" ... was played to the court members. It described, in the appellant's own words, the events in the charges and specifications.

---

3. The trial defense counsel's attempts to secure an agreement that would have required the convening authority to suspend any confinement in excess of fifteen years were not successful.

\* \* \*

5. We are aware that, although not required by Dep't of the Army, Pam. 27–9, Military Judges' Benchbook (1 May 1982), some trial judges, as a matter of their own practice, will advise the accused that anything the accused says during the providence inquiry can be con-

sidered by the court members during the sentencing portion of the court-martial. ...
6. The appellant's recollection of the events was so vivid at two places during the providence inquiry that he spoke without interruption or prompting by the military judge for three and six pages, respectively, in the record of trial. ...
7. Notice was given to the trial defense counsel and the military judge at approximately 1700 hours on 8 June 1992. This matter was discussed by all parties in a RCM 802 session held moments before the reconvening of the court on 9 June 1992.

39 MJ at 1063–64 (nn. 4, 8, and 9 omitted).

### I

4. Appellant contends that admissibility of his tape-recorded-inquiry statement exceeds the parameters envisioned by this Court in *United States v. Holt,* 27 MJ 57 (CMA 1988), discussed *infra;* that the prosecution failed to follow the prescribed methods for bringing forth aggravation evidence during sentencing; and that the lack of pretrial notice regarding the prosecution's intended use of the inquiry statement resulted in an ambush which caused substantial prejudice. Additionally, appellant argues that, due to the impermissible admission of his statement to the members, they were given access to evidence of misconduct of which he was not found guilty.

5. In *United States v. Holt, supra,* we held that it was not error to consider, in sentencing, matters elicited during the providence inquiry. Specifically we stated:

During the sentencing proceedings, "trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." RCM 1001(b)(4). Unless the military judge has ranged far afield during the providence inquiry, the accused's sworn testimony will provide evidence "directly relating to" the offenses to which he has pleaded guilty. Therefore, we believe that, if offered by the Government, this testimony would be admissible as an admission by the accused to aggravating circumstances.

27 MJ at 60. Contrary to appellant's beliefs, *Holt* did not place limits on how much evidence is admissible during sentencing; it only limits the kind of evidence. Thus, the

question becomes whether that portion of the providence inquiry that was presented to the members amounted to "aggravating circumstances directly relating to ... the offenses of which the accused" was found guilty. RCM 1001(b)(4). Also, admissibility of the statement for sentencing purposes must satisfy the Military Rules of Evidence. *See United States v. Zakaria*, 38 MJ 280 (CMA 1993); and *United States v. Ross*, 34 MJ 183, 187–88 (CMA 1992) (Cox, J., concurring).

■ 6. Weighed against this backdrop, we agree with the conclusion of the court below that the evidence amounted to aggravating circumstances and further conclude that the evidence was properly before the members. Appellant's responses during the providence inquiry did not "range[ ] far afield" but, instead, were relevant as they directly described circumstances surrounding the offenses without venturing into unrelated matters, and there was no stipulation of fact in this case so there was no danger of cumulative effect. Mil.R.Evid. 403, Manual, *supra; see United States v. Redmond*, 21 MJ 319 (CMA), *cert. denied*, 476 U.S. 1105, 106 S.Ct. 1950, 90 L.Ed.2d 359 (1986).

■ 7. There is no requirement in the Rules for Court–Martial to provide notice to the accused that his actual guilty-plea responses as recorded on the tape will be used in sentencing. However, it is certainly the better practice to advise the accused that anything said during the providence inquiry may be considered by the court members during the sentencing portion of the court-martial.[2] We have stated:

An accused who testifies during a providence inquiry is warned that he waives his privilege against self-incrimination and is made aware that the answers he gives will be used by the military judge in determining whether to receive the guilty pleas and enter findings of guilty based thereon. Thus, the accused is on notice that his answers may be used adversely to him, and we doubt that he would make a distinction in his own mind between adverse

use for findings and adverse use for sentencing. Accordingly, the use of the sworn testimony in connection with sentencing is not contrary to any reasonable expectation on his part.

*United States v. Holt*, 27 MJ at 59. The military judge in this case gave appellant this warning. (R.341) Appellant's argument seems to be that, had he known what was to come, he would have known not to act with such indifference to his crimes, but unfortunately for him, the only requirement is that he be informed that his answers may be used adversely to him. His statement was made in open court, not under an interrogation situation; therefore, it qualifies as a judicial admission. Mil.R.Evid. 801(d)(2). As the Court of Military Review points out, appellant was given notice and an opportunity to object to the use of his plea-inquiry statement, of which he availed himself, but lost. Therefore, we conclude the tape recording of appellant's providence-inquiry statement was properly before the members, and appellant was provided sufficient notice.

## II

8. Finally, appellant asserts that the members were impermissibly given access to information of misconduct for which appellant was acquitted. Appellant had originally been charged with making a threat to injure the victim. The basis for this charge was appellant's statement to the victim that he could take a knife and slit her throat. During questioning of appellant, it was revealed that, in actuality, the victim stated to appellant, "I know why you are here.... You are here to slit my throat," to which appellant responded, "Yes, I am, but I am not going—I am not going to do that," followed by, "I could snap your neck with my hands." The military judge, obviously concerned about the providence of appellant's plea regarding this charge, engaged in further questioning to clarify appellant's intent. He concluded:

With regard to specification 1 of Charge III, I find that the accused's plea of guilty

---

**2.** *See United States v. English*, 37 MJ 1107 (NMCMR 1993), and *United States v. Dukes*, 30

MJ 793 (NMCMR 1990).

is provident with regard to a threat to injure Specialist [M] by using his hands to snap her neck. However, I find that the admissions by the accused with regard to taking a knife and cutting her throat, as further acknowledged by the accused that he immediately told her that he was not going to do that, did not constitute a threat. So with regard to that language, I will not accept the accused's plea of guilty, but that otherwise, as to specification 1, the plea is provident.

▬ 9. After findings of guilty have been entered, "the prosecution ... may present evidence which is directly related to the offense for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority." *United States v. Vickers,* 13 MJ 403, 406 (CMA 1982). Appellant's statements regarding the threats to the victim were made after he broke into her home and before he raped her. He admitted that, by "just using those words, I could look at her and see that she was willing to do anything and everything. . . ." Considering this factual scenario, it is evident that the statement at issue was directly related to the offenses of which appellant was found guilty and is thus admissible. RCM 1001(b)(4); *see also United States v. Glazier,* 26 MJ 268, 271 (CMA 1988), and *United States v. Silva,* 21 MJ 336 (CMA 1986). Therefore, we conclude the military judge did not err in allowing this evidence to reach the members.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.