UNITED STATES, Appellee

v.

Anthony T. JONES, Lance Corporal
U.S. Marine Corps, Appellant.

No. 95–0836.
Crim.App. No. 94 00881.

U.S. Court of Appeals for
the Armed Forces.

Submitted Oct. 20, 1995.

Decided May 29, 1996.

For Appellant: Lieutenant Gerard William Wittstadt, Jr., JAGC, USNR (on brief).

For Appellee: Colonel Charles William Dorman, USMC; Commander D.H. Myers, JAGC, USN; Captain D.K. Margolin, USMC (on brief); Major A. Diaz, USMC.

PER CURIAM:

In August 1993, appellant was tried by a general court-martial consisting of a military judge sitting alone. Contrary to his pleas, he was found guilty of adultery, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a dishonorable discharge; confinement for 1 year; total forfeitures; and reduction to E–1. The convening authority approved the sentence. The Court of Criminal Appeals affirmed the findings, but mitigated the dishonorable discharge to a bad-conduct discharge.*

We granted appellant's petition for review on the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED WHEN IT FOUND THAT APPELLANT WAS NOT IMPROPERLY PUNISHED FOR AN OFFENSE OF WHICH HE WAS FOUND NOT GUILTY.

---

* Judge McLaughlin issued a separate concurring/dissenting opinion, voting to "affirm the sentence, except for the punitive discharge." Unpub. op. at 8.

Appellant was found to be HIV positive as a result of routine blood testing (apparently from an annual physical). Shortly after being counseled about the virus and being ordered to inform future sexual partners of his condition, he engaged in sexual intercourse with Mrs. U, the wife of another Marine in his company. Information concerning this affair came to her husband's attention, along with information that appellant was HIV positive. After investigation, appellant was charged with adultery and assault with a means likely to produce death or grievous bodily harm.

At trial, there was much discussion about whether appellant had worn a condom when he engaged in sexual intercourse with Mrs. U. She testified that she did not know if he had used a condom, but that she had used the bathroom shortly after intercourse and had not noticed any semen or ejaculate. Her testimony was:

Q. And there was no ejaculate on the toilet paper, was there?

A. I wouldn't know. I wasn't paying attention. I just wanted to get out of there.

In a pretrial statement, appellant told the Naval Investigative Service (NIS) that he had used a condom prior to sex. However, appellant admitted that he did not inform Mrs. U that he was HIV positive. With the evidence in this state, the military judge acquitted appellant of the aggravated assault.

The record contains clear evidence that appellant was aware of his condition. It also demonstrates that he was aware that even use of a condom was not truly "safe sex" in terms of preventing transmission of the virus.

In its argument on sentence, the Government stressed the fact that appellant was HIV positive. It requested that the military judge sentence appellant to a term of confinement, reduction to E–1, and forfeitures. In addition, trial counsel suggested that a bad-conduct discharge was "warranted." Nonetheless, the military judge sentenced appellant to the maximum punishment for adultery, including a dishonorable discharge.

*See* para. 62e, Part IV, Manual For Courts–Martial, United States (1995 ed.).

■ As he announced sentence, the military judge made the following remarks:

Lance Corporal Jones, it is my duty as military judge to inform you of your sentence. I personally feel quite sad about your physical—your current physical medical condition. However, I also find—with regard to this case, I find your conduct to be outrageous—*your disregard for the health and safety of an unknown victim and this purposeful conduct committed immediately after being made aware of the circumstances* ....

(Emphasis added.)

On appeal appellant contends that he was sentenced for an offense he did not commit. We disagree. This is not a case where an accused has been acquitted of an unrelated offense, but sentenced based on the evidence of that crime. *Cf. United States v. Howe*, 37 MJ 1062 (NMCMR 1993). Rather, we are satisfied that appellant's medical condition was a fact "directly relat[ed] to ... the offense[ ]." RCM 1001(b)(4), Manual, *supra.*

Although we have stated that an accused should not be treated more harshly simply because he is HIV positive when his conduct does not risk transmission of the virus, we have also held that an individual may be convicted of aggravated assault even when he uses a condom, if he fails to inform his partner of his condition. *Compare United States v. Johnson*, 30 MJ 53, 58(CMA), *cert. denied*, 498 U.S. 919, 111 S.Ct. 294, 112 L.Ed.2d 248 (1990), *with United States v. Joseph*, 37 MJ 392, 397 (CMA 1993). Even though appellant may have used a condom during intercourse with Mrs. U, the evidence at trial shows he was aware that this would not conclusively prevent transmission of the disease.

■ Moreover, this evidence was essential to the understanding of "the circumstances surrounding that offense or its repercussions...." *See United States v. Irwin*, 42 MJ 479, 483 (1995), *citing United States v. Vickers*, 13 MJ 403, 406 (CMA 1982). Sub-

jecting the victim to the risk of a fatal disease more than justifies the decision of the military judge to consider evidence of appellant's condition.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Senior Judges EVERETT and DARDEN did not participate.