**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard DIMATTEO, Morris Kessler, James Suggs, Defendants-Appellants.**

**No. 81–6001.**

United States Court of Appeals,
Eleventh Circuit.

May 6, 1985.

Jay Gregory Horlick, Brooklyn, N.Y., for Kessler.

James R. Suggs, pro se.

Thomas M. Sherouse, Miami, Fla., for Dimatteo.

Atlee W. Wampler, III, U.S. Atty., Miami, Fla., Sara B. Criscitelli, Appellate Sect., Crim. Div., Dept. of Justice, Washington, D.C., for the U.S.

Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and GOLDBERG*, Senior Circuit Judge.

## ON REMAND FROM THE UNITED STATES SUPREME COURT

PER CURIAM:

We approach this case anew in light of the Supreme Court's recent holding in *Luce v. United States*, —— U.S. ——, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). In *Luce*, the trial court had ruled on a defendant's *in limine* motion under Fed.R.Evid. 609(a)(1)[1] that the prosecution would be allowed to introduce evidence of the defendant's prior conviction for purposes of impeachment if the defendant later testified. The defendant accordingly declined to take the stand. Acting on the defendant's petition for certiorari, the Court held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify," *id.* —— U.S. at ——, 105 S.Ct. at 464, and that the court of appeals was therefore not entitled to review the district court's preliminary ruling. We must decide whether the rationale underlying *Luce*'s requirement with regard to Rule 609(a)(1) covers similar appeals from *in limine* rulings under Rule 608(b).[2]

We first resolved this case at 716 F.2d 1361 (11th Cir.1983). As reference to our previous report of the facts reveals, *id.* at 1363–64, the defendants decided not to present a witness ostensibly because of the trial court's *in limine* ruling that the pros-

---

* Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Rule 609(a)(1) provides in pertinent part that "[f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant...."

2. Rule 608(b) provides in pertinent part that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility ... may not be proved by extrinsic evidence."

ecution would be allowed to attack the credibility of that witness by introducing extrinsic evidence. We now hold under *Luce* that a defendant's decision not to present a witness whose credibility would have formed the basis of an evidentiary objection under Rule 608(b) forecloses our ability to review the claim that the district court might have erroneously allowed extrinsic evidence to impeach that witness in violation of Rule 608(b).

 Since we previously reversed appellants' convictions based on the perceived evidentiary error below, we did not consider appellant Suggs's claim of ineffective assistance of counsel. *See* 716 F.2d at 1369 n. 3. The Supreme Court recently articulated the two-pronged test to be applied in evaluating a claim of ineffective assistance. *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show both that his attorney failed to render "reasonably effective assistance," *id.* —— U.S. at ——, 104 S.Ct. at 2064, and that counsel's errors unduly prejudiced the proceeding, *id.* —— U.S. at ——, 104 S.Ct. at 2068. *See Smith v. Wainwright,* 741 F.2d 1248, 1254 (11th Cir. 1984). Absent a narrow class of exceptions not applicable here, *see United States v. Cronic,* —— U.S. ——, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Chadwick v. Green,* 740 F.2d 897 (11th Cir.1984), the defendant bears the burden of showing both his attorney's inadequate representation and the resulting prejudice. Failure on either score will defeat an ineffectiveness claim, and we need not judge the adequacy of counsel's performance if we find that the alleged errors would nevertheless not amount to sufficient prejudice. *Washington,* —— U.S. at ——, 104 S.Ct. at 2069–70.

 The essence of Suggs's ineffectiveness claim[3] is that his court-appointed counsel failed to present a witness who would have testified that Suggs was ignorant of the purpose behind a particular airport rendezvous. The meeting was purportedly arranged to enable appellants and others to survey the adequacy of a secluded landing strip for unloading illegally imported marijuana. Suggs contends that his attorney failed even to ascertain what this witness would have testified, that the witness was available in court to testify, and that the testimony would have exculpated Suggs of any wrongdoing at the landing strip.

The propriety of defense counsel's conduct aside,[4] we do not see that the witness' testimony would have had an impact on Suggs's misfortunes at trial. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* —— U.S. at ——, 104 S.Ct. at 2068. Viewing the "totality of the evidence," *id.* —— U.S. at ——, 104 S.Ct. at 2069, we see only that the additional testimony would have been cumulative of other statements—adduced by defense counsel on cross-examination of a government agent—that Suggs had not been explicitly informed on several occasions of the meeting's purpose. Supp. Record vol. 3, at 189–200. By contrast, there was clear testimony on direct examination of this same witness that Suggs had been introduced to all of the relevant parties, that he had driven them to the landing strip, that the passengers had discussed the planned importation, and that Suggs himself had expressly contributed to the discussion of how best to avoid an unsuccessful landing and takeoff. Record vol. 2, at 284, 288–303. The facts of this case do not sufficiently undermine our confidence in the outcome to sustain appellant's claim for ineffective assistance of counsel.

Because the Supreme Court, —— U.S. ——, 105 S.Ct. 769, 83 L.Ed.2d 767, vacated our prior decision, we now adopt that deci-

---

3. We find Suggs's other suggestions of ineffectiveness to be either unsupported by the record or without merit.

4. It is difficult to comprehend in full how trial counsel could have decided not to present an available and potentially helpful witness without first finding out what the witness had to say.

sion to the extent it does not conflict with our holding today.

Consequently, appellants' convictions are AFFIRMED.