UNITED STATES of America,
Plaintiff-Appellee,

v.

William Lamar WOLFE,
Defendant-Appellant.

No. 84–9009
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 29, 1985.

1526

Ray H. Ledford (Court-appointed), Atlanta, Ga., for defendant-appellant.

Mary Jane Stewart, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Appellant was convicted in federal court on one count of conspiracy to possess cocaine with intent to distribute, *see* 21 U.S.C.A. § 846, and three counts of actual distribution of cocaine, *see* 21 U.S.C.A. § 841. He was tried alone, since one alleged co-conspirator had died before trial, another was a fugitive at the time of trial, and the third had pleaded guilty. Appellant raises four issues in this appeal, none of which have merit.

First, appellant challenges the district court's denial of his motion *in limine* to exclude evidence of his prior conviction for conspiracy to smuggle marijuana. Appellant had been convicted of this crime over ten years earlier. *See* Fed.R. Evid. 609(b). Denial of the motion *in limine* ensured the Government's ability to use this conviction as impeachment evidence or as evidence to rebut a claim of entrapment, if proffered. Appellant now claims that, as a direct result of the district court's ruling, he decided not to take the stand at trial and not to tender any evidence in his defense. This tactical decision, however, precludes any challenge to the district court's denial of the motion on appeal. A defendant must testify or present witnesses whose credibility would have formed the basis of an evidentiary objection in order to raise and preserve this

issue for appellate review. *United States v. Dimatteo,* 759 F.2d 831, 832 (11th Cir. 1985); *see also Luce v. United States,* —— U.S. ——, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

■ Second, appellant challenges the district court's denial of his motion for judgment of acquittal made after the presentation of the Government's case in chief. In reviewing this issue we must, like the district court, first consider the evidence in the light most favorable to the Government, drawing all reasonable inferences, and then determine whether the evidence was sufficient to support a verdict of guilt or, in other words, whether a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. *See* Fed.R.Crim.P. 29(a); *United States v. Fontenot,* 483 F.2d 315, 319 (5th Cir.1973); *see also United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc), *cert. denied,* 459 U.S. 1034, 103 S.Ct. 444, 74 L.Ed.2d 600 (1982). Here, the evidence is more than sufficient to establish appellant's guilt. He dealt directly with the undercover agents who testified against him. He met with a Government informant on more than one occasion to arrange a sale of cocaine. The quantity, quality, price and delivery point were negotiated and agreed upon. Although there was testimony that appellant decided to avoid further personal involvement in the transaction, other testimony supports the conclusion that he would be paid for his efforts in arranging it. In fact the evidence established that, when telephoned by the informant immediately prior to the sale, appellant indicated his acceptance of a reduction in the quantity of cocaine to be distributed. Given this evidence, the district court's denial of the motion for acquittal was not erroneous.

■ Appellant's third claim is that the district court erred in admitting certain statements attributed to his co-conspirators but implicating him in the illegal transaction. The co-conspirators were not available as witnesses, having either died or become fugitive, and appellant contends that the testimony of Government agents as to what the co-conspirators had said constitutes inadmissible hearsay. Moreover, argues the appellant, admitting the testimony deprived him of his constitutional right to confront and cross-examine the co-conspirators. This claim, too, must fail. Under Federal Rule of Evidence 801(d)(2)(E), the testimony at issue here is properly characterized as "not hearsay," because the statements were made by a co-conspirator during the course and in furtherance of the conspiracy. As for the constitutional concerns, the Supreme Court has indicated that out-of-court statements by an unavailable witness can be admitted where the statements bear "adequate 'indicia of reliability.'" *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). This reliability "can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Id.* Since the testimony at issue here falls within the "exception" created by Rule 801(d)(2)(E), its admission did not deprive appellant of his constitutional right to confrontation. *See United States v. Peacock,* 654 F.2d 339, 349 (5th Cir.1981).

■ Finally, appellant challenges the district court's denials of his repeated motions for a mistrial following testimony referencing his prior involvement in illegal drug-smuggling operations. The motions were based on appellant's assertion that mention of this previous involvement was so prejudicial as to create a reasonable probability that he was convicted of crimes not alleged in the indictment. Three portions of testimony are at issue. The first two do not provide a basis for reversal because, assuming for purposes of this appeal that the testimony should not have been admitted, the district court gave adequate cautionary instructions to the jury immediately following the appellant's objections. *See, e.g., United States v. Rojas,* 537 F.2d 216, 221–22 (5th Cir.1976), *cert. denied,* 429 U.S. 1061, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977). The third portion was admitted only after the district court held an inquiry outside the presence of the jury to determine the

content of the upcoming testimony and the substance of appellant's objection. The testimony was comprised of statements made by a co-conspirator during the course and in furtherance of the alleged conspiracy. Appellant at first objected to this portion of the testimony on two grounds: (1) the co-conspirator himself was not testifying and could not be confronted and cross-examined—a claim we have disposed of earlier in this opinion—and (2) the evidence could not be admitted as an "exception" to the hearsay rule under Fed.R.Evid. 801(d)(2)(E) because no independent factual basis showing a conspiracy had been proven—a claim totally without merit. After prompting by the court, appellant added that the testimony was also objectionable as evidence of misconduct that occurred before the period covered in the indictment. In response, the Government simply focused on the 801(d)(2)(E) "exception" to the hearsay rule, characterizing the testimony as statements of a co-conspirator made during the course and in furtherance of the conspiracy covered in the indictment. The argument was that the co-conspirator spoke about past drug transactions in order to allay the fears being expressed by the Government agents (who were acting undercover) about dealing with unknown smugglers. The district court ruled the testimony admissible without articulating why.

Although not cited during the recorded proceedings below and not mentioned in the briefs on appeal, Rule 404 of the Federal Rules of Evidence is the essential basis of appellant's objection. This rule is designed to prevent the admission of evidence of a defendant's prior misconduct which tends to show bad character and from which a jury could improperly infer the defendant's guilt. An exception to this rule becomes operative, however, when the evidence tendered is probative on the issue of the defendant's intent and this probative value outweighs whatever prejudice admission of the evidence may cause. Fed.R. Evid. 404(b). In this case, appellant's intent was at issue. Admission of the evidence did not constitute an abuse of the district court's discretion, and the denial of appellant's motion for a mistrial was not in error.

AFFIRMED.