UNITED STATES, Appellee

v.

Jimmell GEE, Sergeant, U.S. Air Force, Appellant.

No. 93–0282.

CMR No. 29075.

U.S. Court of Military Appeals.

Argued Jan. 6, 1994.

Decided June 17, 1994.

For Appellant: *Major John V. Sullivan, USAFR* (argued); *Colonel Terry J. Woodhouse* and *Captain David D. Jividen* (on brief); *Lieutenant Colonel Frank J. Spinner.*

For Appellee: *Major John H. Kongable* (argued); *Colonel Jeffery T. Infelise* (on brief).

*Opinion of the Court*

COX, Judge:

In this case we are called upon to determine whether the rule enunciated in *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), made applicable to courts-martial in *United States v. Sutton,* 31 MJ 11 (CMA 1990), encompasses *in limine* rulings on impeachment that do not involve Mil.R.Evid. 609(a), Manual for Courts–Martial, United States, 1984 (impeachment of witness by evidence of conviction of crime). Upon consideration of that question, we hold that the *Luce* rule is not limited to Mil. R.Evid. 609(a); accordingly, we affirm.[1]

Pursuant to a surprise inspection, appellant submitted a urine sample which tested positive for marijuana and cocaine. The defense originally planned to call appellant to present an innocent-ingestion defense and various other witnesses to attest to appellant's good military character. However, the defense strategy changed following a session under Article 39(a), Uniform Code of Military Justice, 10 USC § 839(a), in which the military judge denied the defense's motion *in limine* to prevent the prosecution from asking character witnesses whether they knew of an allegation that appellant had possessed cocaine in the past. The basis for such questioning was a report by the Office of Special

1. We granted review of:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY DENYING THE DEFENSE MO-

TION *IN LIMINE* TO PRECLUDE THE PROSECUTION FROM USING THE OSI COMPLAINT FORM TO CROSS–EXAMINE DEFENSE WITNESSES.

Investigations (OSI) documenting a confidential source's claim he had knowledge appellant possessed cocaine in 1981 while in basic training.

The Government's contention was that questions regarding appellant's alleged prior drug involvement were proper to explore the basis and foundation of the witnesses' opinions. The defense argued that the OSI report was "inherently unreliable" and more prejudicial than probative and that the members would conclude that, if appellant had been involved with drugs in the past, he was probably involved with drugs again. The military judge expressed his concern about the age of the information, but ultimately allowed the prosecution to use it. He explained his ruling as follows:

> Counsel, I'm going to refuse to limit the prosecution on the use of such questions as a general matter. I will, of course, entertain any relevant objection that you might have at the time but I'm not going to issue at this point a prophylactic rule in limine as to the use of those questions. I'm inclined to think that these are proper questions, and although we are at the limits of chronological relevancy, they are still proper questions.[2]

█ Appellant did not call any character witnesses at trial and was convicted of using marijuana and cocaine. He asks this Court to review the military judge's ruling on his motion to preclude the Government from inquiring about his alleged cocaine possession in 1981. The Government, however, contends appellant's failure to call any character witnesses at trial bars review of the military judge's ruling on appellant's motion *in limine*. *See Luce v. United States* and *United States v. Sutton*, both *supra*. We agree.

In *Luce*, the defendant made a motion *in limine* the prevent the Government from using the defendant's prior conviction to impeach him if he chose to testify. The District Court denied Luce's motion, holding the prior conviction was proper impeachment evidence pursuant to Fed.R.Evid. 609(a).[3] On appeal, the Supreme Court held that, to preserve the issue of improper impeachment for review, the defendant was required to testify. The Court recognized the difficulty appellate courts have reviewing rulings where pertinent facts are not developed in the record. Any harm resulting from the *in limine* ruling allowing impeachment of a defendant is speculative if the defendant does not testify. The appellate court is left to conjecture whether the district judge would have altered his *in limine* ruling or the Government would have actually tried to use the prior conviction for impeachment. The Supreme Court observed:

> Were *in limine* rulings under Rule 609(a) reviewable on appeal, almost any error would result in the windfall of automatic reversal; the appellate court could not logically term "harmless" an error that presumptively kept the defendant from testifying. Requiring that a defendant testify in order to preserve Rule 609(a) claims will enable the reviewing court to determine the impact any erroneous impeachment may have had in light of the record as a whole; it will also tend to discourage making such motions solely to "plant" reversible error in the event of conviction.

469 U.S. at 42, 105 S.Ct. at 463–64. The rationale of *Luce* is applicable to courts-martial. *United States v. Sutton*, 31 MJ 11 (CMA 1990).

Justice Brennan, joined by Justice Marshall in his concurring opinion, believed the holding in *Luce* to be a narrow one. He

2. In light of our opinion we need not opine as to the correctness of this ruling.

3. Fed.R.Evid. 609(a) (1975), from which Mil. R.Evid. 609(a), Manual for Courts–Martial, United States, 1984, was derived without significant change, *see* Drafters' Analysis, Manual, *supra* at A22–38, provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him

or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

stated, "I do not understand the Court to be deciding broader questions of appealability *vel non* of *in limine* rulings that do not involve Rule 609(a)." 469 U.S. at 44, 105 S.Ct. at 464. However, Courts of Appeals have found the reasoning of *Luce* applicable to other evidentiary rulings. *See United States v. Sanderson,* 966 F.2d 184 (6th Cir. 1992) (holding there could be no review of the district court's ruling that defendant's credibility could be impeached with evidence of prior theft, pursuant to Fed.R.Evid. 608(b), where defendant did not testify); *United States v. DiPaolo,* 804 F.2d 225 (2d Cir.1986) (holding trial court's denial of motion *in limine* to prevent impeachment of alibi witness with prior conviction, pursuant to Fed.R.Evid. 608(b), not preserved for review because witness never took the stand); *United States v. Weichert,* 783 F.2d 23 (2d Cir.1986) (judge's ruling that former attorney's disbarment could be used to impeach him pursuant to Fed.R.Evid. 609(b), not preserved for review because accused failed to take the stand), *cert. denied,* 479 U.S. 831, 107 S.Ct. 117, 93 L.Ed.2d 64 (1986); *United States v. Studnicka,* 777 F.2d 652 (11th Cir. 1985) (judge's *in limine* ruling that prosecution could question defendant about his failure to appear at trial not reviewable because defendant did not testify); *United States v. Dimatteo,* 759 F.2d 831 (11th Cir.) (applying *Luce* to ruling *in limine* allowing extrinsic evidence to impeach defense witness pursuant to Fed.R.Evid. 608(b)), *cert. denied,* 474 U.S. 860, 106 S.Ct. 172, 88 L.Ed.2d 143 (1985).

In determining whether *Luce* should be applied by analogy to cases other than those in which the defendant makes a motion *in limine* to prevent his own impeachment by prior convictions under Fed.R.Evid. 609(a), it is necessary to consider the reasons behind the decision in *Luce.* The Supreme Court gave three principal reasons for its decision: The reviewing court is "handicapped" in considering the trial court's ruling on the motion *in limine* because the record does not contain the testimony of the witness who would have been impeached. The impact of the judge's ruling is speculative because it has no "factual context." In addition, the possibility exists that the judge's ruling could change as "the case unfolds." 469 U.S. at 41, 105 S.Ct. at 463. Where the record has not been developed, it is impossible to tell whether the judge would have amended his ruling. Finally, the reviewing court cannot determine whether the ruling on the motion *in limine* motivated the decision of a defendant not to testify or his decision not to call certain witnesses. Such decisions generally result from a consideration of numerous factors. *Id.* at 42, 105 S.Ct. at 463–64.

■ We conclude that the rationale behind *Luce* applies with equal logic to the facts of this case. Here, appellant originally sought to introduce testimony of his good military character, but ultimately chose not to call any character witnesses. The record fails to establish whether the military judge might have changed his ruling on appellant's motion *in limine* during the ebb and flow of the trial. The judge had not yet fully addressed the reliability of the OSI report and ensured it was being inquired about in good faith,[4] and he affirmed his willingness to entertain any objections at the appropriate time. Moreover, during cross-examination of the accused, the military judge determined the evidence of appellant's prior drug involve-

---

4. The prosecution's testing of character witnesses' knowledge of an accused by asking about specific events "at its best opens a tricky line of inquiry as to a shapeless and elusive subject matter. At its worse, it opens a veritable Pandora's box of irresponsible gossip, innuendo and smear." *Michelson v. United States,* 335 U.S. 469, 480, 69 S.Ct. 213, 220, 93 L.Ed. 168 (1948). There are two requirements that must be met before the Government may use specific instances of conduct to impeach the knowledge of a defendant's character witness:

(1) the government must have made a good faith factual basis for the incidents raised during cross-examination of the witness; and (2) the incidents inquired about must be relevant to the character traits at issue in the case. *United States v. Adair,* 951 F.2d 316, 319 (11th Cir.1992), *citing United States v. Glass,* 709 F.2d 669, 673 (11th Cir.1983), *citing United States v. Wells,* 525 F.2d 974, 976–77 (5th Cir.1976).

ment was more prejudicial than probative.[5]

The record also fails to establish whether the Government would in fact have tried to use appellant's alleged possession of cocaine in 1981 to impeach the character witnesses. It would be mere conjecture to conclude appellant would have called witnesses to testify as to his good military character but for the military judge's ruling. The probative value of appellant's prior drug possession for the purpose of testing the knowledge of character witnesses cannot be weighed against its prejudicial effect absent development of the record by the defense calling the character witnesses either to testify before the members or in an Article 39(a) session. We are ill equipped to review rulings on motions *in limine* in this evidentiary vacuum.

Appellant made a tactical decision not to present his character witnesses and must accept the consequences of that decision. We have generally noted that

> there is no requirement that an accused and his or her counsel be free of a "chilling effect" created by legitimate impeachment or rebuttal evidence. The rules of evidence contain various recognized avenues or "doors" through which evidence otherwise inadmissible in a case-in-chief may be legitimately brought before the court in rebuttal. *See, e.g.,* Mil.R.Evid. 304(b)(1), 311(b)(1), 404(a), 404(b), 405(a), 405(c), 607, 608, 609(a), 612, 613, and 801(d). Tactical decisions by defense counsel, designed to keep such "doors" closed, are a legal fact of life and often call for foregoing the presentation of evidence or witnesses (including the accused) favorable to the defense.

*United States v. Cannon,* 33 MJ 376, 382 (CMA 1991), *quoting* from *United States v. Cannon,* 30 MJ 886, 889 (AFCMR 1990).

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE and WISS concur.

5. The military judge sustained a defense objection to questions regarding the alleged drug involvement in 1981 during cross-examination of appellant:

> [T]rial counsel, I agree with you that general questioning along this line, under Rule 608(b), may be [a] relevant and proper line of inquiry; however, in making that determination with regard to specific instances of conduct, I'm still required to conduct the balancing test under Rule 403 of the Military Rules of Evidence; and based on the information that you've revealed to me in your argument on this particular question as well as the previous mention of the 1981 misconduct, based on the length of time since that alleged misconduct occurred and based on the nature of the information which by the source of that information, that is, coming from a confidential informant and in no other way of which I'm aware at this point verified, I do find that the probative value of that material is more than substantially outweighed by the danger of unfair prejudice to the accused from the use of that information; and, therefore, I would be inclined to sustain an appropriate defense objection to inquiry into that particular misconduct....