UNITED STATES, Appellee

v.

Mark E. FIGURA, Chief Warrant Officer Two, U.S. Army, Appellant.

No. 95–0445.
Crim.App. No. 9300942.

U.S. Court of Appeals for the Armed Forces.

Argued Feb. 28, 1996.

Decided Aug. 29, 1996.

For Appellant: *David R. Dowell* (argued); *Colonel Stephen D. Smith.*

For Appellee: *Captain John W. O'Brien* (argued); *Colonel John M. Smith* and *Lieutenant Colonel Eva M. Novak* (on brief); *Captain Chris A. Wendelbo.*

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, appellant was convicted by a general court-martial at Fort Drum, New York, of forgery (9 specifications) and 1 specification each of conspiracy, signing a false official statement, and obstruction of justice, in violation of Articles 123, 81, 107, and 134, Uniform Code of Military Justice, 10 USC §§ 923, 881, 907, and 934, respectively. The members sentenced him to a dishonorable discharge[1] and 5 years' confinement. The convening authority approved the sentence except for confinement exceeding 48 months. The Court of Criminal Appeals affirmed the findings and

---

1. Appellant was not a commissioned warrant officer.

approved sentence in an unpublished opinion. We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S PREJUDICE BY BECOMING A DE FACTO WITNESS FOR THE PROSECUTION DURING THE SENTENCING PHASE OF THE COURT–MARTIAL.

We hold that the military judge did not become a *de facto* witness for the prosecution.

### FACTS

Courts-martial are bifurcated proceedings with separate procedures for findings and sentencing. After the findings, sentencing takes place in an adversarial setting.

The findings in this case were the result of appellant's pleas of guilty. Appellant, a Special Agent with the Criminal Investigation Command in Korea, admitted he utilized his status as a law enforcement officer and conspired with military police soldiers to use stolen military identification cards as part of a covert scheme for forging checks.

Prior to accepting appellant's pleas, the judge advised him that any motion to dismiss a charge or grant other relief should be made prior to the pleas to avoid waiver. The prosecutor advised the judge that the pleas in this case were part of a pretrial agreement that included a stipulation of fact. Before conducting a detailed inquiry pursuant to *United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969), and RCM 910(e), Manual for Courts–Martial, United States (1995 ed.),[2] the judge advised appellant that his pleas waived his Fifth Amendment right against self-incrimination and his Sixth Amendment right to a trial on the merits and right of confrontation. He then personally advised appellant: of the elements of the offense; that his pleas would admit every element; that his pleas authorized the conviction without further proof; and the maximum punishment.

There may not be a *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), plea in the military. *United States v. Epps*, 25 MJ 319, 321 (CMA 1987). To ensure compliance with Article 45; *United States v. Care, supra;* and RCM 910(e), the judge then asked appellant to explain factually what happened to ensure that there was no substantial conflict between the facts and the plea.

After the acceptance of the pleas of guilty, trial counsel sought to introduce at sentencing part of the providence inquiry because the stipulation of fact lacked information about the dates on the checks, dates the checks were cashed, and where the checks were written.

To introduce this evidence, the prosecutor proposed calling Master Sergeant (MSG) Fonville, a spectator during the providence inquiry, to testify as to the accused's statements made during the guilty-plea phase of the trial. Based on the judge's review of evidence, the parties determined that the Government's proffer from the providence inquiry did not appear in the stipulation of fact. The judge overruled the defense objection that the proffer was not relevant, but limited the prosecution's proffer. The defense then withdrew their relevance objection.

Later, in order to present this information to the members, the judge gave defense counsel the option of MSG Fonville's testifying, the court reporter's testifying, or the judge giving this information as part of an instruction. The defense opted for the judge and "waive[d] any objection based on the military judge becoming a witness to the proceeding."

The judge instructed the members "[c]oncerning the first series of checks, the first seven checks, the accused told me that he made these checks in his automobile outside of either the Merchants National Bank or a local PX in Korea, and then went into the PX or the Merchants National Bank and cashed the checks." The other two checks were

---

2. The version contained in this edition of the Manual for Courts–Martial was in effect at the time of this trial.

made by appellant in his office and given to a co-conspirator who cashed the checks.

## DISCUSSION

In a contested case, the factfinder, in this case the court members, hear all of the admissible evidence during the findings portion of the trial and can consider it during sentencing. However, when there is a guilty plea, the judge's providence inquiry is not heard by the members.

The issue in this case arose when the prosecution sought to introduce part of appellant's sworn statements made in the findings portion as aggravation evidence in the sentencing phase. Appellant's statements contained information that was not present in the stipulation of fact between the parties.

■ Absent a prohibition in the RCM 1000 series in the Manual for Courts–Martial, United States, 1984, information elicited from the defendant under oath during the providence inquiry may be considered during sentencing. *United States v. Irwin,* 42 MJ 479 (1995); *United States v. Prevatte,* 40 MJ 396, 397 n. * (CMA 1994); *United States v. Holt,* 27 MJ 57 (CMA 1988). Here, there is no issue as to admissibility of the evidence because the original defense objection was withdrawn. Instead, the issue concerns the procedure for introducing that evidence.

In *Holt,* this Court rejected the longstanding argument that admitting sworn testimony received during the providence inquiry at sentencing would "inhibit an accused's willingness to relate the circumstances surrounding the offenses with which he is charged." 27 MJ at 59 (This Court specifically rejected the holding found in *United States v. Simpson,* 17 USCMA 44, 46, 37 CMR 308, 310 (1967).) We further noted in *Holt* that "the accused is on notice that his answers may be used adversely to him." 27 MJ at 59.

■ Testimony during the providence inquiry "can be provided either by a properly authenticated transcript or by the testimony of a court reporter or other persons who heard what the accused said during the providence hearing." 27 MJ at 61.

■ There is no demonstrative right or wrong way to introduce evidence taken during a guilty plea inquiry. This Court in *Holt* set forth some possibilities, but these are not all-inclusive. The judge should permit the parties ultimately to choose a method of presentation. That was done in this case. In effect, the parties rejected other options that were not expressly presented in *Holt,* but the parties agreed to the functional equivalent of an oral stipulation of fact conveyed to the members by the military judge.

There was no backdoor summation or comment by the military judge; rather, both sides were allowed to make suggestions and objections to the judge. Ultimately the defense selected the alternative of the functional equivalent of an oral stipulation. After the judge's comments were made and the instructions given, the defense again indicated that there was no objection. Indeed, it may well have been to appellant's advantage for the judge to give a brief summary of the providence inquiry rather than to allow introduction of the entire transcript.

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX, Judge GIERKE, and Senior Judge EVERETT concur.

SULLIVAN, Judge (concurring *cum admonitu*):

I concur with the majority opinion but write only with a suggestion for jury reform in this area.

In England, juries in criminal trials as a matter of course receive an exhaustive summary of the facts in evidence by the judge during his instructions to the jury. In this way, the jury views the law and facts through the eye of the experienced judge. English appeal courts are vigilant to the danger of bias by the judge in his or her recitation of the evidence.

In an American military trial with a jury (the court-martial members), "[t]he military judge may summarize and comment upon evidence in the case in instructions." RCM 920(e)(7), Discussion, Manual for Courts–

Martial, United States, 1984. Thus the procedure in the case at bar may well fit into the spirit of the present rule. My suggestion to the military judges—use your power under RCM 920 to give the jury a good, exhaustive, accurate, and fair view of the facts in the case so the jury can do its job on a more informed basis.