UNITED STATES, Appellee,

v.

Jason E. NELSON, Private,
U.S. Army, Appellant.

No. 98–1109.
Crim.App. No. 9601144.

U.S. Court of Appeals for
the Armed Forces.

Argued June 2, 1999.

Decided Sept. 1, 1999.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ., joined.

For Appellant: *Captain Donald P. Chisholm* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Adele H. Odegard,* and

*Captain Kirsten V. Campbell–Brunson* (on brief); *Major Holly S.G. Coffey* and *Captain Paul Fiorino.*

For Appellee: *Captain Arthur J. Coulter* (argued); *Colonel Russell S. Estey, Lieutenant Colonel Eugene R. Milhizer,* and *Major Patricia A. Ham* (on brief).

Judge CRAWFORD delivered the opinion of the Court.

Contrary to his pleas, appellant was convicted by officer members of absence without leave (AWOL), larceny (3 specifications), forgery (6 specifications), altering a military identification card, and false use of a military identification card, in violation of Articles 86, 121, 123, and 134, Uniform Code of Military Justice, 10 USC §§ 886, 921, 923, and 934, respectively. The convening authority approved the sentence of a dishonorable discharge, 4 years' confinement, total forfeitures, reduction to the lowest enlisted grade, and a reprimand. The Court of Criminal Appeals affirmed the findings and sentence without an opinion. We granted review of the following issue:

> WHETHER APPELLANT WAS PREJUDICED BY THE MILITARY JUDGE'S CLEARLY ERRONEOUS MISSTATEMENT OF THE LAW WHEN THE MILITARY JUDGE STATED THAT THE GOVERNMENT WOULD BE ALLOWED TO USE STATEMENTS DURING APPELLANT'S *CARE* INQUIRY TO PROVE UP UNRELATED CHARGES AND, AS A RESULT OF HIS MISSTATEMENT OF THE LAW, APPELLANT WITHDREW HIS GUILTY PLEA TO THE A.W.O.L. CHARGE, AND WAS THUS UNABLE TO USE HIS GUILTY PLEA AS A MATTER IN EXTENUATION AND MITIGATION.

We hold that appellant has not preserved this issue.[1]

---

1. The second issue, however, requires us to remand the case. *United States v. Messner,* 51 MJ 487 (1999).

## FACTS

Appellant sought to enter a plea of guilty to AWOL. However, before entering the plea, appellant made a motion *in limine* to preclude the use of his statements made during the providence inquiry on the merits to prove up the other offenses. The judge denied this motion, stating that if the evidence was relevant and could be appropriately proven, he would allow it. As a result of this ruling, appellant withdrew his plea of guilty to the AWOL charge.

Defense appellate counsel argues that because of the judge's erroneous ruling, appellant could not enter a guilty plea, which would have been crucial evidence in extenuation and mitigation.

## DISCUSSION

The military, not having an *Alford*[2] plea, has a detailed procedure that must be followed before a military judge can accept a guilty plea, ensuring that an innocent person does not plead guilty. The judge must inform the accused personally of the nature of the offenses; of any mandatory minimum punishment; of the maximum punishment; of the right to representation by counsel; of the right to plead not guilty; and that the plea is a waiver of certain important rights, including the rights of confrontation and cross-examination. RCM 910(c), Manual for Courts–Martial, United States (1998 ed.). To ensure that there is a factual basis for the plea, the accused must answer questions under oath in the presence of counsel that satisfy the judge that the plea is provident. RCM 910(d) and (e). The judge also must determine that the plea of guilty results from the accused's own willingness to plead guilty and that he has not been coerced in any way. *Id.*

After acceptance of the plea, the accused is entitled to the benefits of such a plea during sentencing by members, that is, the court members are instructed: "A plea of guilty is a matter in mitigation which must be considered along with all other facts and circum-

stances of the case. Time, effort, and expense to the government (have been) (usually are) saved by a plea of guilty. Such a plea may be the first step towards rehabilitation." Military Judges' Benchbook at 101 (Dept. of the Army Pamphlet 27–9)(30 September 1996).

As to the use in sentencing of an accused's statements made during a providence inquiry, we have stated: "[T]here is no demonstrative right or wrong way to introduce evidence taken during a guilty plea inquiry.... The judge should permit the parties ultimately to choose a method of presentation." *United States v. Figura*, 44 MJ 308, 310 (1996). Since appellant did not enter a plea of guilty here, there is no record from which to determine whether the Government would have introduced the evidence, what the evidence would have been, and, assuming there was a violation of appellant's right, how it would have impacted on appellant. *See Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *United States v. Gee*, 39 MJ 311 (CMA 1994).

Thus, we hold that appellant has not preserved the issue of whether any statement made during his providence inquiry could be considered as to unrelated charges. *Cf. United States v. Gray*, 51 MJ 1, 25 (1999); *United States v. Figura, supra.*

The decision of the United States Army Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General for remand to that court, which will consider whether appellant is within the class of persons who were entitled to relief under *United States v. Gorski*, 47 MJ 370 (1997). If the court concludes that appellant is within such class, the court will refer the case to the Judge Advocate General for determination as to the amount of relief that is warranted, if any. The decision on remand will be provided directly to this Court when the decision becomes final. If the court concludes that appellant is not within such class, the record will be returned directly to this Court for further review.

---

**2.** *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).