IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21147
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DONNELL BARTHOLOMEW FORD, also
known as The Harley Davidson,
also known as 32, also known as Tony,

                                        Defendant-Appellant.

---------------------

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CR-295)
---------------------
January 5, 2000

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM [1]:

Appellant Ford, has responded to this court's order that he does not wish to discharge his counsel and proceed on appeal pro se. We therefore rely on counsel's brief, which asserts the sole claim that the trial court erred in denying Ford's motion in limine that would have excluded the introduction of an unfiled 1994 income tax return as subject matter for cross-examination -- if Ford had elected to testify.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ford contends that the trial court's ruling effectively denied him the right to testify, as it would have brought into the case evidence both prejudicial and not relevant to the cocaine trafficking counts with which he was charged. Because Ford did not testify, however, this point is not properly before our appellate court. The Supreme Court has held that a defendant must take the witness stand in order to raise and preserve for review a trial court's alleged errorneous ruling deeming Evidence Rule 609 impeachment evidence admissible. Luce v. United States, 469 U.S. 38, 41-43, (1984). This court has observed that Luce is not limited to rulings footed upon Rule 609 (a). United States v. Bounds, 87 F.3d 695, 700 (5th Cir. 1996). We join other circuits that have also extended Luce to bar a non -testifying defendant from raising on appeal a claim that a district court erroneiously deemed evidence admissible under, inter alia, Fed. R. Of Evid. 608(b). United States v. Sanderson, 966 F.2d 184, 189-90 (6th Cir. 1992); United States v. Weichert, 783 F.2d 23,25 (2nd Cir.) (1986); United States v. DiMatteo, 759 F.2d 831, 832-33 (11th Cir. 1985). Because Ford did not testify, Luce and its progeny bar him from obtaining review in this court of the district court's evidentiary rulings.

The judgment of the district court is **AFFIRMED**.