# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman First Class RICHARD K. PRICE JR.
### United States Air Force

### ACM S32330

### 26 April 2016

Sentence adjudged 2 April 2015 by SPCM convened at Joint Base Charleston, South Carolina. Military Judge: Marvin W. Tubbs II (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 4 months, and reduction to E-1.

Appellate Counsel for Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Captain Collin F. Delaney and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

DUBRISKE, Judge:

In accordance with his guilty plea as part of a pretrial agreement, Appellant was convicted by a military judge sitting alone of various drug offenses, including "divers" use and distribution of cocaine and alprazolam, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.

Appellant was sentenced to a bad-conduct discharge, four months of confinement, and reduction to E-1. The convening authority approved the sentence as adjudged.

Appellant now argues on appeal that the military judge erred in forcing him to admit to additional misconduct during the providence inquiry. He also argues he is entitled to a reduction of his sentence due to a violation of his right to timely post-trial processing. Finally, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant claims his sentence is inappropriately severe. Finding no error in this case, we now affirm the findings and sentence.

*Background*

Appellant, an aircraft maintainer, began using illegal drugs to cope with a new marriage and its corresponding financial problems. In addition to using cocaine, Appellant found the drug alprazolam, commonly referred to as Xanax, allowed him to better manage his personal struggles.

In conjunction with his use of drugs, Appellant provided both cocaine and alprazolam to another Airman. Appellant either provided the drugs for free, or charged only enough to cover the cost of the drugs he obtained for this Airman. The other Airman reciprocated on occasion and provided drugs for Appellant's personal use.

Appellant's drug activity was eventually exposed by his active duty spouse due to her concerns about Appellant's safety, as well as how his drug activity would impact her military service. When interviewed by military law enforcement, Appellant confessed to conduct which led to the charges currently before this court.

*Military Judge's Plea Inquiry*

Appellant's use and distribution of cocaine and alprazolam was each charged as occurring on "divers" occasions. After properly instructing Appellant on the meaning and effect of his guilty plea, including the fact that his plea required Appellant to give up his right against self-incrimination, the military judge accurately provided Appellant with the elements for the offense of wrongful use of cocaine. Of relevance to Appellant's claim, the military judge informed Appellant that the term "divers" was defined as "on more than one occasion."

When asked by the military judge why he believed he was guilty of this offense, Appellant noted he used cocaine "multiple times" during the time frame charged by the prosecution. In response to Appellant's statement that most of his use took place during a two-month period of time, the military judge asked Appellant if there were additional uses outside of those two months that were also within the charged time frame. Appellant noted there were two other months in which he used cocaine.

ACM S32330

The military judge then asked Appellant how many times he ingested cocaine during the charged time frame. Trial defense counsel objected to the question, arguing Appellant did not need to answer the question in order to plead guilty. The military judge disagreed and immediately elicited a response from Appellant that he had used cocaine six times.

Appellant provided the same or a similar generic response during the inquiry into his use of alprazolam and distribution of cocaine. The military judge, over defense objection, continued to elicit from Appellant the actual number of times he used or distributed the drug. Appellant then changed his approach when discussing his distribution of alprazolam, informing the military judge he distributed the drug on at least three occasions. The military judge did not inquire further as to whether Appellant engaged in additional distributions during the charged time frame.

Appellant now claims the military judge abused his discretion in requiring him to provide the court with the specific number of times he used or distributed controlled substances. Appellant argues the term "divers" only required him to admit the charged misconduct occurred on at least two occasions during the time frame alleged by the prosecution in its charging document. As the military judge required Appellant to discuss other misconduct to establish the factual predicate for the guilty plea, Appellant argues the military judge had an erroneous view of the law and, therefore, abused his discretion. He also alleges the military judge's excessive questioning violated Appellant's constitutional right against self-incrimination by compelling Appellant to provide evidence against himself at trial. Appellant claims these admissions prejudiced him during sentencing and asks this court provide meaningful relief towards his sentence.

In addressing Appellant's claim, we would first note there is no constitutional right to plead guilty. *United States v. Matthews*, 16 M.J. 354, 362 (C.M.A. 1983). While an accused service member does have the right to offer a guilty plea in a non-capital case, the plea cannot be accepted if the member testifies or otherwise "sets up matter inconsistent with the plea." *United States v. Penister*, 25 M.J. 148, 151 (C.M.A. 1987); *see also*, Article 45(a), UCMJ, 10 U.S.C. § 845(a).

When a guilty plea is offered, it is the military judge who has the obligation to establish a factual basis for a guilty plea exists. Rule for Courts-Martial (R.C.M.) 910(e). A military judge is given substantial deference in deciding which facts to elicit in order to establish a factual basis for a guilty plea, and his decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

We find no abuse of discretion by the military judge in this case. The military judge was responsible for ensuring Appellant provided a proper factual basis for his plea. In this light, his questions were appropriate in determining whether Appellant's use and distribution of various controlled substances on "divers" occasions was provident. This is especially true in this case given Appellant's non-specific admissions that his use and

distribution of controlled substances occurred "multiple" times. The military judge's additional questions clarified Appellant's responses.

We likewise reject the claim that the military judge's questions somehow violated Appellant's constitutional right against self-incrimination. Appellant waived his right against self-incrimination as it related to the offenses to which he pled guilty. *See United States v. Holt*, 27 M.J. 57, 59 (C.M.A. 1988); R.C.M. 910(c)(4). Appellant specifically acknowledged this waiver on the record, along with the fact that his admissions would be used during sentencing. The military judge's questions were limited to the charged time frame and, as such, ensured jeopardy attached to all of Appellant's admissions. Furthermore, Appellant could have either withdrawn his guilty plea or refused to answer the military judge's questions deemed objectionable—a tactic that would certainly increase the likelihood the military judge would not accept his plea. For these reasons, we find any constitutional claims directly related to Appellant's plea have been waived. *See United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969).

*Post-Trial Processing Delay*

Appellant next argues he is entitled to meaningful sentencing relief for the Government's post-trial processing delays in violation of *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). Specifically, Appellant claims the Government's processing exceeded the 30-day standard for docketing a case with a court of criminal appeals after the initial convening authority action. *See id.* at 142.

The convening authority originally took action on 22 April 2015, which was 20 days after Appellant's court-martial had adjourned. The staff judge advocate's recommendation (SJAR) and its first addendum improperly advised the convening authority that he did not have the discretionary authority to disapprove all of the adjudged findings in Appellant's case. After the submission of three additional addenda to correct misstatements about the law, the convening authority withdrew the original action. On 21 July 2015, after reviewing all matters required by Article 60, UCMJ, 10 U.S.C. § 860, including Appellant's clemency submission, the convening authority substituted a new action which approved Appellant's sentence as adjudged at trial.

While Appellant recognizes the case was docketed within 30 days of the 21 July 2015 action, he argues the Government should be held accountable for the erroneous statements of law in the SJAR and its addenda that resulted in months of additional delay. Appellant reasons that we should hold the Government to its initial action date, 22 April 2015, when evaluating whether the case has been docketed within 30 days of action. Applying this standard, Appellant notes the Government would have violated the *Moreno* standard by over 70 days.

We decline to extend *Moreno* as advocated by Appellant in this case. Pursuant to R.C.M. 1107(f)(2), the convening authority may, after taking action, recall and modify his action prior to forwarding the record for review, as long as the modification does not result in action less favorable to an appellant. The convening authority's subsequent review of Appellant's case overrode the 22 April 2015 action, leaving the record of trial with only the 21 July 2015 action for our review. This additional processing resulted in a 110-day delay between sentence and action, 10-days short of the *Moreno* presumption of unreasonableness. Furthermore, Appellant's case was docketed with this court within 14 days of action. Given there is no facially unreasonable delay for us to address with regard to either the date of action or the docketing of this case, we need not conduct a further analysis. *See Moreno*, 63 M.J. at 136; *United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010).

Our finding of no *Moreno* violation does not end the inquiry as we may grant sentence relief under Article 66(c), UCMJ, 10 U.S.C. § 866(c), for unreasonable post-trial delays. *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). However, "[a]ppellate relief under Article 66(c) should be viewed as the last recourse to vindicate, where appropriate, an appellant's right to timely . . . review." *Id.* at 225.

While this case is not a textbook example of post-trial processing, the fact remains the Government eventually provided the correct advice to the convening authority about his options to grant Appellant clemency—advice that was to Appellant's benefit. The delay clearly resulted from the Government's confusion on how the significant changes to Article 60, UCMJ, 10 U.S.C. § 860, impacted a case when the charged offenses straddled the effective date of the legislative amendment. This confusion was reasonable in our opinion. We find no bad faith on the part of the Government and are not persuaded that *Tardif* relief is warranted in this case.

*Sentence Appropriateness*

Finally, pursuant to *Grostefon*, Appellant argues his sentence is inappropriately severe. Appellant calls the court's attention to the circumstances surrounding his use of drugs, including the fact that he primarily used prescription drugs to self-medicate and cope with the stressors in his life.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Based on our review of the entire record of trial, including matters in extenuation and mitigation as highlighted by Appellant, we cannot say the sentence imposed by the military judge is inappropriately severe. Appellant pled guilty to using and distributing multiple drugs, including cocaine. We do not find Appellant's justification for his drug activity compelling and, therefore, decline to grant him any relief towards his sentence.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court